CLIFFORD,'J.,
with whom RUDMAN, J., joins, concurring.
[¶ 16] It is undisputed that C.E.W. has acted as the child’s parent from birth, has fully accepted responsibility for the child, and the child considers her to be his mother. In the circumstances of this case, C.E.W. is entitled to be considered for an award of parental rights and responsibilities. I write separately to emphasize that courts should be aware of, and give consideration to, existing legal and statutory remedies in the area of parental rights and responsibilities, and should exercise equity powers with caution. See Fisher v. Dame, 433 A.2d 366, 371 (Me.1981) (explaining that an effort to adjudicate using a court’s equity jurisdiction is not available unless the remedy at law is inadequate).
[¶ 17] In the past, when the Court has invoked its equity jurisdiction in the area of child custody, there was virtually no statutory law. In Merchant v. Bussell, 139 Me. 118, 27 A.2d 816 (1942), we denied a father’s petition to gain the custody of his child and recognized the parental-like status of the child’s maternal grandmother. Id. at 124, 27 A.2d at 819. Today, a similar factual circumstance would likely be governed by statutory law enacted since Bussell. See 18-A M.R.S.A. § 9-204 (1998 & Supp.2003); 22 M.R.S.A. §§ 4050-4058 (2004).
[¶ 18] In more recent years, there have been substantial changes in the law relating to parental rights and responsibilities. The Legislature has enacted detailed statutes defining and governing the rights and responsibilities of parents, and has acted to provide carefully drawn statutory remedies for those who have or who seek parental rights or contact with children with whom they have established a relationship.
[¶ 19] Title 19-A M.R.S.A. § 1653 (1998 & Supp.2003) governs the rights and re *1153 sponsibilities of parents, sets out in detail what those rights and responsibilities entail, and provides when courts can issue orders addressing parental rights and responsibilities. Section 1653 was enacted after the Legislature made findings “in determining what is in the best interest of children.” Id. § 1653(1).
[1120] Title 19-A M.R.S.A. § 1653(2)(C) (1998) codifies the fundamental liberty interest of legal parents and expressly limits the circumstances under which courts can interfere with that liberty interest by granting parental rights and responsibilities to a third person. Section 1653(2)(C) reflects a determination by the Legislature that an award of parental rights and responsibilities to a third person is a substantial intrusion on the fundamental rights of a parent, and should be authorized only in very limited circumstances.
[¶ 21] Section 1653 does not explicitly limit the court’s equity jurisdiction and parens patriae authority, and the trial courts continue to have equity jurisdiction and parens patriae authority in the area of child custody. Section 1653, however, does purport to govern “parental rights and responsibilities,” 19-A M.R.S.A. § 1653(2), and was enacted to codify the findings of the Legislature “in determining what is in the best interest of children,” id. § 1653(1). Because the law governing parental rights and responsibilities has become substantially statutory, we should be reluctant to authorize the broad exercise of the court’s equity powers in this statutorily regulated area, at least until the statutory remedies are explored and determined to be inadequate.
[¶ 22] Not only should we be cautious about when a court should invoke its equity jurisdiction over parent-child relationships, the extent of that power should be closely reviewed as well. The status of a de facto parent should not always result, as a matter of law, in an award of full parental rights and responsibilities. In Stitham v. Henderson, we recognized the defendant’s status as a de facto parent. 2001 ME 52, ¶ 17, 768 A.2d 598, 603. In doing so, we stated: “Because of his prior legal relationship to the child and his current role as a de facto parent, the District Court has jurisdiction to decide whether it is in the best interests of [the child] for Henderson to have a continuing role in [the child’s] life and what that role should be.” Id. We further noted the District Court’s statutory authority to award Henderson contact with the child, even if he had to be labeled a third party, because he had significant bonds with the child. Id. ¶ 17 n. 6, 768 A.2d at 603. I read Stitham to hold that when a person is a de facto parent, the District Court may use its equitable power to determine the role that person has in a child’s life, which could include an award of parental rights and responsibilities. Stitham, however, does not mandate such an award, and a court’s award to a de facto parent of something less than full parental rights and responsibilities would not contravene Stitham ’s holding.